UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Bowens,

                Petitioner,     Case No. 19-cv-11199

v.                                   Judith E. Levy
                                   United States District Judge
Patrick Morrisey and Scott
Stephenson,                    Mag. Judge R. Steven Whalen

                Respondents.

_____/

# OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]

Petitioner James Bowens filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Bowens is incarcerated at the federal holding facility at the Midland County Jail. (*Id.* at PageID.1.) Bowens challenges criminal charges filed against him in the state of West Virginia. (*Id.*) The Court dismisses his petition for failure to state a claim for which relief can be granted.

## I.    Background

Bowens was arrested on September 1, 2017 by West Virginia State Police. (*Id.* at PageID.11.) He alleges that state police entered his West

Virginia residence without a valid warrant, recovering firearms and crack cocaine. (*Id.*) According to Bowens, information obtained pursuant to the West Virginia criminal investigation and the resulting state criminal charges informed the filing of a third superseding indictment in a criminal case pending in this Court. *See United States v. Bowens,* No. 5:17-cr-20184. Based on the allegations in the petition, it appears the West Virginia criminal case remains pending. (ECF No. 1, PageID.2.) The petition raises two claims:

> [I.] Did the State of West Virginia issue an Unlawful Fraudulent Criminal Complaint 17-M30F-00151 without probable cause or a warrant against the petitioner which was ultimately used to procure a third superseding indictment against the petitioner in Federal Court on January 24, 2018?
>
> . . .
>
> [II.] Did the State of West Virginia "respondents" illegal actions consequently violate the petitioner's 5th, 6th, 14th amendment rights to due process and a speedy trial?

(*Id.* at PageID.10.)

## II. Legal Standard

Federal courts must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

2

to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the federal court determines that the petitioner is not entitled to relief, it may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 4 requires courts to dismiss a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999) (citing *Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)).

### III. Analysis

The petition fails to state a claim upon which relief may be granted because Bowens may not challenge his pending state court proceeding under 28 U.S.C. § 2241. Section 2241 permits federal courts to consider pretrial habeas corpus petitions. *Olivier v. State*, No. 17-5735, 2017 WL 9732080, at *2 (6th Cir. 2017) (citing *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* (quoting *Atkins*, 644 F.2d at 546); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)

(explaining that under the doctrine of comity, federal courts should not interfere in ongoing state court proceedings and avoid friction between state and federal courts). A federal court can only intervene in an ongoing state proceeding under extraordinary circumstances. *Atkins,* 644 F.2d at 546. A speedy trial claim can be the basis of such a circumstance, but only if the petitioner has also exhausted his available state court remedies. *Id.* at 546–47; *see also Turner v. Tennessee,* 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989) (finding that a petitioner facing prejudice from prior ineffective assistance of counsel and due process violations on retrial are extraordinary circumstances); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (finding that a petitioner seeking to avoid a second trial on the grounds of double jeopardy is an extraordinary circumstance).

Although Bowens raises a speedy trial claim, he has not exhausted it as *Atkins* requires. None of the other circumstances under which a federal court may consider a pretrial habeas corpus petition apply. Accordingly, the Court will not interfere with a matter pending in state court and the petition will be dismissed.

## IV. Certificate of Appealability

The procedural requirements of 28 U.S.C. § 2254 apply to applications filed under § 2241 when the claims challenge a state court proceeding. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001). Bowens challenges a state-court proceeding and is therefore required to obtain a certificate of appealability to appeal the Court's decision. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Because reasonable jurists would not debate the correctness of the Court's ruling, the Court will deny Bowens a certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the petition (ECF No. 1) is **DISMISSED** and a certificate of appealability is **DENIED**. Leave to proceed on appeal in forma pauperis is also **DENIED** because any appeal would be frivolous. Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: July 16, 2019  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2019.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager